```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
KELLY ANTKIES,
                        Plaintiff,

                                              **MEMORANDUM and
                                              ORDER**

          - against -                         04-CV-2285 (DRH) (JO)

NEW YORK STATE DEPARTMENT OF MOTOR
VEHICLES,

                        Defendant.
------------------------------------X
```

**A P P E A R A N C E S :**

**KELLY ANTKIES,**
Plaintiff Pro Se
121 Coolidge Avenue
Long Beach, New York 11561

**ELIOT SPITZER**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for Defendant State of New York
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By: Susan M. Connolly, Assistant Attorney General

**HURLEY, District Judge:**

### INTRODUCTION

Plaintiff Kelly Antkies ("Plaintiff") has brought a claim under the American with Disabilities Act, 42 U.S.C. §§ 12112-12117 (the "ADA") against the New York State Department of Motor Vehicles ("Defendant" or the "NYSDMV"). Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, the motion is granted and Plaintiff is given thirty days to amend her pleading.

## BACKGROUND

Plaintiff's pleading consists of a standard pro se complaint form and some letters she has attached thereto. On the form, Plaintiff has checked off that her claim is brought pursuant to the ADA and that she is complaining of a "[f]ailure to accommodate [her] disability" and "retaliation." (Compl. at 1, 3.) She also states that her alleged disability is "Carpal Tunnel Syndrome and rotator cuff tear." (*Id.* ¶ 7.) However, paragraph eight, designated "[t]he facts of my case are as follows," is left entirely blank. (*Id.* ¶ 8.) Instead, Plaintiff has attached letters written on her behalf by her then-attorneys to the Defendant and the United States Equal Employment Opportunity Commission. While these letters provide some insight into Plaintiff's claims, they hardly paint a complete picture.

In her affidavit in opposition to the instant motion, Plaintiffs offers more detail. Plaintiff explains that she is an employee of the NYSDMV. (Pl.'s Aff., dated June 8, 2005 ("Pl.'s Aff.") ¶ 4.) In 1997, she was diagnosed with Carpal Tunnel Syndrome and requested reasonable work accommodations from the NYSDMV. (*Id.*) Based upon medical recommendations by both her own doctors and NYSDMV doctors, the NYSDMV granted her request and accommodations were provided to her continuously for seven years until September 2002. (*Id.*)

After a leave of absence for unrelated medical reasons, Plaintiff returned to work. (*Id.* ¶ 5.) Upon her return, a new NYSDMV supervisor unfamiliar with her accommodations refused to allow her to resume the accommodations previously provided to her. (*Id.*) Plaintiff claims that this new supervisor "retaliated against [her] and forced [her] to work without any of [her] previous accommodations." (*Id.*) As a result, her Carpal Tunnel Syndrome was aggravated

and she suffered a new injury, a "Rotator Cuff Tear." (*Id.* ¶ 7.) The end of her Complaint contains a boilerplate phrase indicating: "plaintiff prays that the Court grant such relief as may be appropriate including injunctive orders, damages, costs, and attorney's fees." (*Id.* at 5.)

Defendant moves to dismiss the Complaint, arguing that Plaintiff's claims are barred by the Eleventh Amendment and that the Complaint fails to give Defendant fair notice of what her claim is. For the reasons stated below, Defendant's motion is granted.

### DISCUSSION

**I.** *Motion to Dismiss: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in her favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling her to relief in support of her claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003). Finally, this Court must construe pro se complaints like Plaintiff's liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000).

## II. Plaintiff's Claims Under the ADA

### A. The ADA Generally

The ADA was enacted to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). "Its first three titles proscribe discrimination against individuals with disabilities in employment and hiring (Title I), access to public services (Title II), and public accommodations (Title III)." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). Although a plaintiff may recover money damages for a violation of Title I or II of the ADA, injunctive relief is the only remedy available under Title III. *See Powell v. National Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004).

### B. Eleventh Amendment Immunity and the ADA

#### 1. Plaintiff's Claims for Injunctive Relief

The Eleventh Amendment bars suits against a state for money damages unless the state has waived its immunity or Congress unequivocally expresses its intent to abrogate that immunity. *See In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004). This immunity is not absolute, however, as the Eleventh Amendment does not bar suits against state officials in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law. *See Henrietta D.*, 331 F.3d at 287 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)); *see also In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372 (2d Cir. 2005) ("Whether a litigant's claim falls under the *Ex parte Young* exception to the Eleventh Amendment's bar against suing a state is a 'straightforward inquiry' that asks 'whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'")

4

(quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

In *Ex parte Young*, the Supreme Court held that a plaintiff seeking prospective relief from a state must name as a defendant a state official rather than a state or a state agency. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 104-05 (1984). This is true "even though in reality the suit is against the state and any funds required to be expended by an award of prospective relief will come from the state's treasury." *Santiago v. New York State Dep't of Correctional Servs.*, 945 F.2d 25, 32 (2nd Cir. 1991) (citing *Pennhurst*, 465 U.S. at 104-05); *see also Burnette v. Carothers*, 192 F.3d 52, 57 n.3 (2d Cir. 1999) ("[T]he Eleventh Amendment does not bar suits seeking prospective relief against state officials acting in violation of federal law because such action is not considered an action of the state.").

Here, Plaintiff has not availed herself of this *Ex parte Young* "fiction" in framing her Complaint as she has not sued any State officers. Instead, she brings this action solely against the NYSDMV. Accordingly, to the extent Plaintiff seeks an injunction directing Defendant to reinstate her accommodations, her claim is dismissed. As noted below, however, Plaintiff is granted thirty days to amend her pleading. Any such amendment may assert a claim for injunctive relief against a state official, as opposed to the NYSDMV, provided Plaintiff provides specific facts in support of her claim.

### 2. *Plaintiff's Claims for Damages*

In *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001), the Supreme Court held that states are immune from liability for money damages under Title I of the ADA. *Id.* at 374; *see also Henrietta D.*, 331 F.3d at 288. Thus, to the extent Plaintiff seeks money damages under Title I of the ADA, her claim must be dismissed. In *Garrett*, the Court expressly

5

left open the question of whether the Eleventh Amendment permits suits for money damages under Title II. *Id.* at 360 n.1

In *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001), the Second Circuit held that a private plaintiff may bring suit against a state pursuant to Title II of the ADA for money damages only if the plaintiff can establish that the Title II violation was motivated by either "discriminatory animus or ill will based on the plaintiff's disability." *Id.* at 111. Defendant argues that because the Complaint is devoid of any such allegations, Plaintiff's claims for damages pursuant to Title II must be dismissed.

*Garcia* was the standard in the Second Circuit until May 17, 2004, when the Supreme Court decided *Tennessee v. Lane*, 541 U.S. 509 (2004). In *Lane*, the Supreme Court considered whether Congress validly abrogated the Eleventh Amendment when enacting Title II of the ADA, specifically examining Title II within the context of a state's responsibility to provide disabled persons with access to courts. Recognizing that the right of access to courts is fundamental, the Court held that Title II of the ADA validly abrogates state sovereign immunity with regard to this limited class of cases. *Id.* at 533-34; *see also Press v. S.U.N.Y. at Stony Brook*, 388 F. Supp. 2d 127, 133 (E.D.N.Y. 2005) (noting division in Second Circuit as to whether *Lane* only addressed the narrow issue of access to the courts and *Garcia* applies to all other Title II cases or whether in the wake of *Lane*, a private suit for damages under Title II may only be brought if plaintiff can establish violation of a fundamental right).

Recently, the Supreme Court extended *Lane's* analysis to a suit alleging violations of the Eighth Amendment brought by a disabled inmate for monetary damages against the State under Title II of the ADA. *See United States v. Georgia*, --- U.S. ----, 126 S. Ct. 877,

163 L. Ed. 2d 650 (2006). In *Georgia*, the Supreme Court held that Title II of the ADA validly abrogates state sovereign immunity insofar as it created a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. *Id.* at 882. The Court declined to reach the issue of whether Title II validly abrogates state sovereign immunity for conduct that does not violate the Fourteenth Amendment. *Id.*

Defendant does not address these cases.[1] Nonetheless, given the sparsity of allegations in Plaintiff's Complaint and the complete lack of notice her pleading provides to Defendant, the Court grants Defendant's motion and dismisses the Complaint. Plaintiff is granted thirty days to file and serve an Amended Complaint consistent with the above. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Any amended pleading shall allege specific facts in support of her claims.

## *CONCLUSION*

For all of the reasons stated above, Defendant's motion is GRANTED. Plaintiff is hereby granted thirty days from the date of this Order to serve and file an Amended Complaint. Failure to address the pleading concerns enunciated herein may result in dismissal of

---

[1] The Court notes that *Georgia* was decided after Defendant filed the instant motion.

Plaintiff's claims with prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
March 20, 2006

/s
Denis R. Hurley
United States District Judge